IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| TIMOTHY L.,[1] | : Case No. 3:20-cv-00405 |
| Plaintiff, | : Magistrate Judge Caroline H. Gentry |
| vs. | : (by full consent of the parties) |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : |
| Defendant. | : |

**DECISION AND ORDER**

**I.     INTRODUCTION**

Plaintiff filed an application for Supplemental Security Income in February 2018. Plaintiff's claims were denied initially and upon reconsideration. After a hearing at Plaintiff's request, the Administrative Law Judge (ALJ) concluded that Plaintiff was not eligible for benefits because he was not under a "disability" as defined in the Social Security Act. The Appeals Council denied Plaintiff's request for review. Plaintiff subsequently filed this action.

Plaintiff seeks an order remanding this matter to the Commissioner for the award of benefits or, in the alternative, for further proceedings. The Commissioner asks the Court to affirm the non-disability decision. This matter is before the Court on Plaintiff's

---

[1] *See* S.D. Ohio General Order 22-01 ("The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that due to significant privacy concerns in social security cases federal courts should refer to claimants only by their first names and last initials.").

Statement of Errors (Doc. 11), the Commissioner's Memorandum in Opposition (Doc. 13), Plaintiff's Reply (Doc. 14) and the administrative record (Doc. 10).

## II. BACKGROUND

Plaintiff asserts that he has been under a disability since August 1, 2016. At that time, he was forty-two years old. Accordingly, Plaintiff was considered a "younger person" under Social Security Regulations. *See* 20 C.F.R. § 416.963(c). Plaintiff has a limited education. *See* 20 C.F.R. § 416.964(b)(3).

The evidence in the administrative record is summarized in the ALJ's decision (Doc. 10, PageID 54-67), Plaintiff's Statement of Errors (Doc. 11), the Commissioner's Memorandum in Opposition (Doc. 13), and Plaintiff's Reply (Doc. 14). Rather than repeat these summaries, the Court will discuss the pertinent evidence in its analysis below.

## III. STANDARD OF REVIEW

The Social Security Administration provides Supplemental Security Income to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York,* 476 U.S. 467, 470 (1986); *see* 42 U.S.C. § 1382(a). The term "disability" means "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which … has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905(a).

This Court's review of an ALJ's unfavorable decision is limited to two inquiries: "whether the ALJ applied the correct legal standards and whether the findings of the ALJ

are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). "Unless the ALJ has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence," this Court must affirm the ALJ's decision. *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020). Thus, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Id*.

"Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). This limited standard of review does not permit the Court to weigh the evidence and decide whether the preponderance of the evidence supports a different conclusion. Instead, the Court is confined to determining whether the ALJ's decision is supported by substantial evidence, which "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*. (citation omitted). This standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir. 1986). Thus, the Court may be required to affirm the ALJ's decision even if substantial evidence in the record supports the opposite conclusion. *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

The other line of judicial inquiry—reviewing the correctness of the ALJ's legal criteria—may result in reversal even when the record contains substantial evidence supporting the ALJ's factual findings. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[E]ven if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Id.* (citations omitted). Such an error of law will require reversal even if "the outcome on remand is unlikely to be different." *Cardew v. Comm'r of Soc. Sec.*, 896 F.3d 742, 746 (6th Cir. 2018) (internal quotations and citations omitted).

## IV. THE ALJ'S FINDINGS OF FACT

The ALJ was tasked with evaluating the evidence related to Plaintiff's application for benefits. In doing so, the ALJ considered each of the five sequential steps set forth in the regulations. *See* 20 C.F.R. § 416.920. The ALJ made the following findings of fact:

Step 1: Plaintiff has not engaged in substantial gainful activity since February 12, 2018, the alleged onset date.

Step 2: He has the severe impairments of obesity, lumbar spondylosis, chronic obstructive pulmonary disease, hypertension, hyperlipidemia, osteochondral defect of talar dome, borderline intellectual function, major depressive disorder, post-traumatic stress disorder, personality disorder, and cannabis dependence.

Step 3: He does not have an impairment or combination of impairments that meets or equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4: His residual functional capacity, or the most he can do despite his impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of light work subject to the following limitations: "[Plaintiff] may frequently balance, kneel, crouch, may

4

>occasionally stoop, crawl, climb ramps and stairs, but may never climb ladders, ropes or scaffolds; the claimant must avoid concentrated exposure to extreme cold, pulmonary irritants, including dust, odors, gases fumes and poor ventilation, and workplace hazards, including unprotected heights, moving mechanical parts or commercial driving; [Plaintiff] is limited to the performance of simple, routine, repetitive tasks, and the making of no more than simple, work-related decisions, undertaken in a work setting free of production rate pace, which setting requires no more than frequent interaction with co-workers, supervisors or the public, which setting is routine, in that it contemplates few changes in workplace tasks or duties."
>
>He has no past relevant work.

Step 5: Considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that he can perform.

(Doc. 10, PageID 56-67.) These findings led the ALJ to conclude that Plaintiff does not meet the definition of disability and so is not entitled to benefits. (*Id.*, PageID 67.)

## V. ANALYSIS

Plaintiff argues that the Commissioner's decision should be reversed because: (1) the social limitations in the residual functional capacity (RFC) are not supported by substantial evidence, (2) the ALJ erroneously rejected the opinions of his primary care provider, and (3) the ALJ did not properly consider the mental health opinions. Finding error in the ALJ's determination that Plaintiff is able to have frequent interaction with coworkers, supervisors, and the public, the Court does not address Plaintiff's remaining arguments and instead instructs the ALJ to address all of them on remand.

In February 2019, therapist Sandra Castle, LSW, completed a Mental Impairment Questionnaire. (Doc. 10-9, PageID 1008-10.) Ms. Castle stated that she had been treating

5

Plaintiff since April 2018. (*Id.*, PageID 1008.) She diagnosed Plaintiff with severe major depressive disorder – recurrent episode and post-traumatic stress disorder. (*Id.*) Plaintiff's signs and symptoms included: sleep disturbance; mood disturbances; social withdrawal or isolation; blunt, flat or inappropriate affect; recurrent panic attacks; anhedonia or pervasive loss of interests; intrusive recollections of a traumatic experience; paranoia or inappropriate suspiciousness; generalized persistent anxiety; feelings of guilt or worthlessness; difficulty thinking or concentrating; hostility and irritability; and suicidal ideation or attempts. (*Id.*) Ms. Castle emphasized paranoia and irritability. (*Id.*) Ms. Castle opined that Plaintiff is extremely limited in his ability to regulate his emotions, control his behavior, and maintain his well-being in a work setting. (*Id.*, PageID 1010.)

Consultative examiner and clinical psychologist Dr. Giovanni Bonds, Ph.D. interviewed Plaintiff to evaluate his mental status. With regard to Plaintiff's abilities and limitations in responding appropriately to coworkers and supervisors, Dr. Bonds stated:

> Timothy described having a long standing problem with controlling his temper and getting into conflicts with people. He has a very suspicious attitude towards people and tends to believe that people are out to get him or to do him harm which makes him react in a defensive manner. He tries to avoid people when possible. He has had conflicts on jobs and reportedly has gotten into arguments with supervisors or bosses and lost his job.

(Doc. 10-7, PageID 487.) Similarly, with regard to Plaintiff's ability to respond to work pressures, Dr. Bonds opined that it is "limited by his low frustration tolerance for being around people and his poor coping skills." (*Id.*)

Consultative examiner and clinical neuropsychologist Jerry Flexman, Ph.D. conducted a variety of tests to evaluate Plaintiff's cognitive abilities. Dr. Flexman

concluded that Plaintiff "had difficulty processing nonverbal information compared to verbal information, which would certainly affect his interpersonal relationship skills." (Doc. 10-7, PageID 479.)

State agency reviewing psychologist Dr. Aracelis Rivera, Psy.D., diagnosed Plaintiff with depressive, bipolar, and related disorders; personality and impulse-control disorders; neurodevelopmental disorders; and trauma and stressor-related disorders. (Doc. 10-3, PageID 116.) Dr. Rivera opined that Plaintiff is moderately limited in his ability to interact with the general public, and to get along with coworkers and peers. (*Id.*, PageID 121-22.) She noted that Plaintiff has been diagnosed with post-traumatic stress disorder and a personality disorder. She explained that Plaintiff "tries to avoid being around people," has a history of problems with anger, and left a prior job due to his anger and a poor relationship with his supervisor. (*Id.*, PageID 122.) Dr. Rivera concluded that Plaintiff "can engage in minimal superficial interaction [with] coworkers [and] supervisors." (*Id.*)

State agency reviewing psychologist Dr. Patricia Kirwin, Ph.D., largely agreed with Dr. Rivera's conclusions regarding Plaintiff's ability to interact with others. (Doc. 10-3, PageID 132-33, 137-39.) However, Dr. Kirwin included an additional limitation; namely, that Plaintiff "can engage in minimal superficial interaction [with the] public, coworkers [and] supervisors." (*Id.*, PageID 138.) Dr. Kirwin noted Dr. Bond's statement that Plaintiff has a "low frustration tolerance for being around people" and concluded: "This is consistent with the objective evidence." (*Id.*, PageID 134.)

7

The ALJ acknowledged that state agency reviewing psychologist Dr. Rivera limited Plaintiff to minimal and superficial interaction with co-workers and supervisors. (Doc. 10-2, PageID 64.) The ALJ acknowledged that state agency reviewing psychologist Dr. Kirwin went further and limited Plaintiff to minimal and superficial interaction with co-workers, supervisors, and the public. (*Id.*) The ALJ stated: "Each of these doctors had the opportunity to review the evidence of record, to which each cited liberally in support of their conclusions and each is well versed in the terminology and analytical framework employed in the disposition of these claims." (*Id.*)

Nevertheless, the ALJ inexplicably found that Plaintiff is able to have frequent interaction with coworkers, supervisors and the public. (Doc. 10-2, PageID 64.) The ALJ explained his conclusion as follows:

> The claimant has reported difficulties being around others, yet is demonstrably able to function in public settings, such as stores, and church (3E/5), (10F/3), and is typically described in the record in pro-social terms (8F/6), (22F/11). In a setting where the claimant's interaction with others would be restricted to frequent, he appears to have retained sufficient, residual, social function to engage in competitive work.

(*Id.*) The ALJ concluded that the opinions of Dr. Rivera and Dr. Kirwin "overstate the claimant's social limitations…. Nevertheless, each remains partially consistent with, and supported by, the overall evidence of record and is partially persuasive." (*Id.*, PageID 65.)

The ALJ's evaluation of the persuasiveness of Dr. Rivera's and Dr. Kirwin's opinions fails to comply with the regulations. The ALJ must consider these factors when evaluating persuasiveness: (1) supportability; (2) consistency; (3) relationship with the plaintiff; (4) specialization; and (5) any other factor "that tend[s] to support or contradict

8

a medical opinion or prior administrative medical finding." 20 C.F.R. § 404.1520c(c). Significantly, because the first two factors—supportability and consistency—are the "most important" ones, the ALJ "*will* explain" how he or she considered them. 20 C.F.R. § 404.1520c(b)(2) (emphasis added).[2] Here, the ALJ did not articulate how he considered the supportability and consistency factors when he found unpersuasive the opinions of Dr. Rivera and Dr. Kirwin that Plaintiff is limited to minimal and superficial interaction with others. The ALJ therefore reversibly erred, and remand is required.

The ALJ also erred because his finding that Plaintiff is able to frequently interact with coworkers, supervisors and the public is not supported by substantial evidence. No fewer than four medical sources concluded that Plaintiff would have difficulty being around other people, and two of them opined that Plaintiff should be limited to minimal and superficial contact with other people. The ALJ recognized that those reviewers, Dr. Rivera and Dr. Kirwin, based their conclusions on evidence in the record. Nevertheless, the ALJ summarily rejected their opinions and instead found that because Plaintiff can "shop in stores," "attend church periodically," and is "pro-social"[3] (Doc. 10-2, PageID 58), he is able to have frequent contact with other people. No reasonable person would consider this evidence adequate to support the ALJ's conclusion. *Biestek*, 139 S. Ct. at 1154. Instead, it appears that the ALJ selectively reviewed the record, which is impermissible. *E.g.*, *Minor v. Comm'r of Soc. Sec.*, 513 Fed. App'x 417, 435 (6th Cir.

---

[2] By contrast, the ALJ "may, but [is] not required to," explain the consideration given to the remaining factors. 20 C.F.R. § 404.1520c(b)(2).

[3] To support his finding that Plaintiff is "pro-social," the ALJ cited two pages in the record that describe Plaintiff as talkative, conversant and cooperative during a medical appointment. Ironically, one of those pages (8F/6) is an excerpt from a treatment note detailing several examples of Plaintiff's difficulties when interacting with people.

2013) (reversing where "[i]nstead of performing a proper analysis … the ALJ cherry-picked select portions of the medical record to discredit Minor's complaints of pain").

For both of these reasons, the Court concludes that the ALJ erred by including a limitation in the RFC that Plaintiff is able to frequently interact with coworkers, supervisors and the public. The Court therefore reverses the ALJ's decision.

## VI. CONCLUSION

Under Sentence Four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under Sentence Four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

A judicial award of benefits is unwarranted in the present case because the evidence of disability is neither overwhelming nor strong while contrary evidence is lacking. *Faucher*, 17 F.3d at 176. However, Plaintiff is entitled to an Order remanding this case to the Social Security Administration pursuant to Sentence Four of Section 405(g) for the reasons stated above. On remand, the ALJ should evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether his application for Supplemental Security Income should be granted.

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiff's Statement of Errors (Doc. 11) is GRANTED;

2. The Court REVERSES the Commissioner's non-disability determination;

3. No finding is made as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act;

4. This matter is REMANDED to the Social Security Administration under Sentence Four of 42 U.S.C. § 405(g) for further consideration consistent with this Decision and Order; and

5. This case is terminated on the Court's docket.

      */s/ Caroline H. Gentry*
      Caroline H. Gentry
      United States Magistrate Judge